# UNITED STATES BANKRUPTCY COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **IN RE:** Larry Lee Wisser aka Larry L. Wisser aka Larry Wisser<br>Cathleen Rachel Wisser aka Cathleen R. Wisser aka Cathleen Wisser<br><div align="center">Debtor(s)</div><br>    vs.<br>United States of America, Acting through USDA, Farm Service Agency, a successor agency to the Farmers Home Administration, United States Department of Agriculture<br><div align="center">Respondent</div> | CHAPTER 12<br><br>NO. 19-15280 MDC |

## RESPONSE OF UNITED STATES OF AMERICA, ACTING THROUGH USDA, FARM SERVICE AGENCY, A SUCCESSOR AGENCY TO THE FARMERS HOME ADMINISTRATION, UNITED STATES DEPARTMENT OF AGRICULTURE TO DEBTORS' MOTION TO IMPOSE THE AUTOMATIC STAY

Respondent, United States of America, Acting through USDA, Farm Service Agency, a successor agency to the Farmers Home Administration, United States Department of Agriculture, by and through its counsel, KML Law Group, P.C., hereby opposes Debtors' Motion to Impose the Automatic Stay and assigns the following reasons therefore:

1. (a) Admitted.

    (b) Admitted in part and denied in part.  Admitted that Debtors filed a Chapter 12 on April 25, 2019. Denied that the case was dismissed on August 14, 2019. The dismissal order was entered on July 31, 2019 and the case terminated on August 14, 2019.

2. This is a conclusion of law to which no response is required.  However, it is specifically denied that Case 19-12655 was dismissed for failure to file documents.  Case 19-12655 was dismissed on July 31, 2019 pursuant to Respondent's Motion to Dismiss within that prior matter.  Movant's prior Motion to Dismiss was based, in part, on Debtors' failure to qualify as family farmers pursuant to 11 U.S.C. §101(18) and thus their failure to qualify as a Chapter 12 debtor pursuant to 11 U.S.C. §109(f).  Debtors' filed Statement of Financial Affairs in the prior case did not list farm income for either 2018 or for 2019 year-to-date.  In 2017, less than half of Debtors' listed income came from farming.

3. Denied. Respondent is without sufficient information to admit or deny response. Strict proof is demanded at time of trial.

4. Admitted in part and denied in part. It is admitted that a sheriff's sale was scheduled by another secured creditor on August 23, 2019. Respondent is otherwise without sufficient information to admit or deny response. Strict proof is demanded at time of trial.

5. Denied. Respondent is without sufficient information to admit or deny response. Strict proof is demanded at time of trial.

6. Denied. Debtors do not address in their motion the extreme inconsistencies between Debtors' instant Statement of Financial Affairs and the Statement of Financial Affairs from their immediately prior case. The difference between Debtors' listed income in years 2017 and 2018 in both Statements are both over $100,000.00. Further, Debtors state that they continue to operate their dairy farm, but they do not explain how this is possible when the cattle were all sold in January 2019 due to Debtors' inability to provide for them. Debtors have not provided any documentation or evidence to demonstrate their ability to move forward with a confirmable Chapter 12 plan. The only potential documentation within the instant bankruptcy is a half-page statement by Debtors' son, attached their Chapter 12 plan, with his alleged plan for operating the farm. Even within that statement, it is admitted that Debtors currently do not have any cattle, only that they intend to purchase them "as soon as possible". Strict proof is demanded at time of trial.

7. [Numbered as 6 within Debtors' Motion.] This is a conclusion of law to which no response is required.

WHEREFORE, Respondent prays that Debtors' Motion to Impose the Automatic Stay be denied.

Respectfully submitted,

Date: January 14, 2020

**/s/ Rebecca A. Solarz, Esquire**
Rebecca A. Solarz, Esquire
KML Law Group, P.C.
BNY Mellon Independence Center
701 Market Street, Suite 5000
Philadelphia, PA  19106
Main: 215-627-1322 Fax: 215-627-7734