## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: | : | **BANKRUPTCY NO. 19-15280** |
| | : | |
| **LARRY L. WISSER and** | : | |
| **CATHLEEN R. WISSER,** | : | |
| Debtors | : | **CHAPTER 12** |

## OBJECTION OF NORTHWEST BANK TO DEBTORS' MOTION TO IMPOSE AUTOMATIC STAY PURSUANT TO 11 U.S.C. § 362

COMES NOW, Northwest Bank, successor to Union Community Bank, by and through its counsel, Charles N. Shurr, Jr., Esquire and Kozloff Stoudt, and hereby files its Objection to Debtors' Motion to Impose Automatic Stay and in support thereof, states as follows:

1.      Northwest Bank, successor to Union Community Bank, is a Pennsylvania savings bank with an address of 100 Liberty Street, Warren, Pennsylvania 16365 ("Bank").

2.      Larry L. Wisser and Cathleen R. Wisser are adult individuals with an address of 8149 Bausch Road, New Tripoli, Pennsylvania 18066 (individually and collectively, the "Debtors").

3.      On August 23, 2019, the Debtors commenced this bankruptcy case by filing a voluntary petition for relief under Chapter 12 of the United States Bankruptcy Code, Title 11 U.S.C.

4.      The Debtors were in two (2) bankruptcy cases within the previous year before the filing of this third bankruptcy case.

**First Bankruptcy Filing**

5.      The Debtors previously filed Chapter 12 bankruptcy on July 26, 2018 (Case No. 18-14949, E.D. Pa.) ("First Bankruptcy Case"), which was on the eve of the Sheriff's Sale of their real estate located at 8281 Holbens Valley Road, New Tripoli, Pennsylvania 18066 ("Real Estate").

6.      On October 12, 2018, the Bank filed a Motion for Relief from the Automatic Stay to Exercise its State Court Remedies against the Debtors' Real Estate.

7.      On December 20, 2018, the Debtors consented to the Bank's Motion, and this Honorable Court entered an Order vacating the automatic stay as to the Bank with respect to the Real Estate. A true and correct copy of said Order is attached hereto as Exhibit "A" and incorporated herein as reference.

8.      Realizing that they did not have the ability to reorganize, on January 4, 2019, the Debtors voluntarily converted their Chapter 12 case to a Chapter 7 liquidation case.

9.      On January 10, 2019, the Chapter 7 Trustee filed a Motion to Abandon Livestock and Crops, as Debtors had to sell the livestock to ensure their safety and value.

10.     The Bank understands that the Debtors subsequently sold their livestock and equipment and, thus, are no longer engaged in farming.

11.     The Debtors failed to comply with their obligations under the Bankruptcy Code in the First Bankruptcy Case by failing to appear at two (2) scheduled §341 Meetings of Creditors on February 6, 2019 and March 13, 2019.

12.     On March 22, 2019, this Honorable Court entered an Order ("Show Cause Order") requiring the Debtors to appear before the Court on April 25, 2019 and show cause why the First Bankruptcy Case should not be dismissed ("Dismissal Hearing").

13.     However, upon information and belief, the Debtors failed to appear for the Dismissal Hearing, and on April 25, 2019, the Debtors' First Bankruptcy Case was dismissed. A true and correct copy of the Order dated April 25, 2019 dismissing the First Bankruptcy Case is attached hereto as Exhibit "B" and incorporated herein by reference.

### Second Bankruptcy Filing

14.     On the exact same day, in an effort to delay the Sheriff's Sale of the Real Estate scheduled for April 26, 2019, the Debtors filed another Chapter 12 bankruptcy (Case No. 19-12655, E.D. Pa.) ("Second Bankruptcy Case").

15.     On April 29, 2019, the Debtors filed a Motion to Impose Automatic Stay pursuant to §362(c)(3), which was denied by Court Order dated May 23, 2019 following a hearing.  A true and correct copy of said Order is attached hereto as Exhibit "C" and incorporated herein by reference.

16.     On June 13, 2019, the United States of America, acting through USDA, Farm Service Agency, ("USDA") filed a Motion to Dismiss or in the alternative for Relief from Stay to which the Debtors filed an Answer on July 12, 2019 ("USDA Motion").

17.     On June 14, 2019, the Bank filed a Motion to Dismiss Bankruptcy Case with Prejudice, or in the alternative, for In Rem Relief from the Automatic Stay to Exercise its State Court Remedies against the Debtors' Real Estate, to which the Debtors filed an Answer on July 12, 2019.

18.     Following a hearing on July 31, 2019, this Honorable Court entered an Order granting the USDA Motion and dismissing the Second Bankruptcy Case. A true and correct copy of said Order is attached hereto as Exhibit "D" and incorporated herein by reference.

### Third Bankruptcy Filing

19.     On August 23, 2019, in an effort to again delay the Sheriff's Sale of the Real Estate, which was scheduled for later that day, the Debtors filed this bankruptcy case (Case No. 19-15280, E.D. Pa.) ("Third Bankruptcy Case").

20.     In accordance with 11 U.S.C. § 362 (c)(4), since the Debtors were in two (2) bankruptcy cases within the previous year before the filing of this bankruptcy case, the automatic stay under 11 U.S.C. § 362(a) did not go into effect.

21.     On August 30, 2019 the Bank filed a Motion for Order Confirming that the Stay under 11 U.S.C. § 362(a) is not in Effect in this Bankruptcy Case, and on September 11, 2019, this Honorable Court entered an Order granting said Motion. A true and correct copy of said Order is attached hereto as Exhibit "E" and incorporated herein by reference.

22.     On December 23, 2019, the Bank filed an Objection to Confirmation of the Debtors' Chapter 12 Plan of Reorganization, as the Debtors' Plan does not appear to be feasible and does not comply with the applicable provisions of the Bankruptcy Code.

23.     On January 2, 2020, the Debtors filed a Motion to Impose Automatic Stay pursuant to 11 U.S.C. § 362 ("Motion").

## Failure to Timely File Motion

24.    The Bank objects to the Debtors' Motion, because pursuant to § 362(c)(4)(B), the Debtors failed to timely file their Motion.

25.    Section 362(c)(4)(B) of the Bankruptcy Code states as follows:

"if within 30 days after the filing of the later case, a party in interest requests the court may order the stay to take effect in the case as to any or all creditors (subject to such conditions or limitations as the court may impose), after notice and a hearing, only if the party in interest demonstrates that the filing of the later case is in good faith as to the creditors to be stayed."

26.    Thus, for multiple repeat filers, the automatic stay does not go into effect upon the filing of the later case.  However, "a party in interest can seek to have the court impose the automatic say by filing a motion within 30 days after the filing of the later case." In re DiGiovanni, 415 B.R. 120, 125 (Bankr. E.D. Pa. 2009).

27.    The Debtors filed their Third Bankruptcy Case on August 23, 2019, but did not file their Motion to Impose Automatic Stay until January 2, 2020, nearly five (5) months later.

28.    Thus, the Debtors failed to file their Motion to Impose Automatic Stay within 30 days after the filing of the later bankruptcy case as required by 11 U.S.C. 362(c)(4)(B), and their Motion should be denied.

## Lack of Good Faith as to Northwest Bank

29.    The Bank objects to Debtors' Motion to impose automatic stay under 11 U.S.C. § 362 because pursuant to § 362(c)(4)(D)(ii) this case was not filed in good faith as to Northwest Bank.

30.     Section 362(c)(4)(D)(ii) of the Bankruptcy Code states that:

"a case is presumptively filed not in good faith…as to any creditor that commenced an action under subsection (d) in a previous case in which the individual was a debtor if, as of the date of dismissal of such case, such action was still pending or had been resolved by terminating, conditioning, or limiting the stay as to such action of such creditor."

31.     In the Debtors' First Bankruptcy Case, on October 12, 2018, the Bank filed a Motion for Relief from the Automatic Stay to Exercise its State Court Remedies against the Debtors' Real Estate, and on December 20, 2018, an Order was entered vacating the automatic stay as to the Bank. See Exhibit "A".

32.     In the Debtors' Second Bankruptcy Case, on June 14, 2019, the Bank filed a Motion to Dismiss Debtors' Bankruptcy Case with Prejudice, or in the alternative, for In Rem Relief from the Automatic Stay to Exercise its State Court Remedies against the Debtors' Real Estate, which remained pending with the Court when the Debtors' Second Bankruptcy case was dismissed on July 31, 2019.

33.     Thus, in accordance with 11 U.S.C. § 362(c)(4)(D)(ii), this case is presumptively not filed in good faith as to Northwest Bank, and Debtors' Motion should be denied.

### Lack of Good Faith as to all Creditors

34.     The Bank objects to Debtors' Motion to impose automatic stay under 11 U.S.C. § 362 because pursuant to § 362(c)(4)(D)(i) this case was not filed in good faith as to all creditors.

35.    Section 362(c)(4) states, in pertinent part that...

"a case is presumptively filed not in good faith ...as to all creditors if...there has not been a substantial change in the financial or personal affairs of the debtor since the dismissal of the most previous case under this title, or any other reasons to conclude that the later case will not be concluded....if a case under chapter 11 or 13, with a confirmed plan that will be fully performed."

36.    The Bank believes and avers that there has been no substantial change in the financial or personal affairs of the Debtors since the Second Bankruptcy Case was dismissed and there is no reason to believe that the Debtors will be able to confirm and consummate a Chapter 12 plan of reorganization.

37.    The Debtors sold their livestock and equipment in January 2019 and thus, are not operating a farm or generating any income from farming.

38.    The Debtors' reorganization plan is dependent on the start-up of a new farming operation under the guidance, management, and employment of individuals who have a recent history of being unsuccessful in operating a profitable farm.

39.    The Debtors' plan relies solely on the introduction of unspecified, untested and unproven revenue-generating opportunities.

40.    There is no reasonable assurance that the introduction of these revenue generating opportunities will be profitable and enable the Debtors to make the required debt payments.

41.    In order for a Chapter 12 plan to be considered feasible, a debtor must provide "reasonable assurance that the plan can be effectuated" In re Ames, 973 F.2d 849, 851 (10th Cir. 1992), quoting In re Hopwood, 124 B.R. 82, 86 (E.D. Mo. 1991), cert. denied 507

U.S. 912 (1993). Furthermore, a plan's "income projections must be based on concrete evidence and must not be speculative or conjectural." In re Novak, 102 B.R. 22, 24 (E.D.N.Y. 1989). A Chapter 12 plan cannot be based on a "visionary scheme" (In re Reitz, 79 B.R. 934, 938 (Kan. 1987)), but rather, a plan must be realistic and have a reasonable probability of success (In re Zurface, 95 B.R. 527 (S.D. Ohio 1989)).

42.    There has been no substantial change in the Debtors' circumstances since the dismissal of their Second Bankruptcy case, and the Debtors are unable to produce clear and convincing evidence to overcome the presumption of bad faith pursuant to 11 U.S.C. § 362(c).

43.    The burden "of persuasion in rebutting the presumption that the case was filed "not in good faith" and the burden of persuasion in proving that the case was filed in good faith is on the Debtor." In re Ferguson, 376 B.R. 109, 118 (Bankr. E.D. Pa. 2007).

44.    Additionally, courts "have devised various 'checklists' of good faith factors…in the consideration of good faith under §362(c)(3) and (c)(4) including:

1.  the timing of the filing of the petition;

2.  whether the debtor truly intends to effectuate a financial rehabilitation;

3.  whether the debtor made "eve of bankruptcy" purchases;

4.  the accuracy of the information provided by the debtor;

5.  the types of debts sought to be discharged and the circumstances in which they arose …;

6.  whether the plan is preferential as to certain creditors;

7. in general, the debtor's treatment of creditors both before and after the petition was filed;

8. whether the debtor seeks unfairly to manipulate provisions of the Code;

9. the debtor's conduct in the prior case(s) (e.g. performance of the debtor's duties such as the filing of schedules and attendance at the meeting of creditors);

10. the frequency with which debtor has sought bankruptcy relief;

11. the reasons for the dismissal of the debtor's prior case(s)

12. the debtor's earning capacity and likelihood that the debtor will have a steady income throughout the bankruptcy case;

13. the likelihood that the debtor will be able to properly fund a plan; and

14. whether the Trustee or creditors object to the debtor's motion."

Id. at 122-3.

45.     Debtors are unable to rebut the presumption that this present case was filed in bad faith as to all creditors, as they are unable to address most, if not all, of the 'good faith factors' with clear and convincing evidence.

46.     In determining whether a case has been filed in good faith courts look to the totality of the circumstances and "whether the petitioner has abused the provisions, purpose, or spirit of bankruptcy law." In re Tamecki, 229 F.3d 205, 207 (3d Cir. 2000).

47.     Filing a bankruptcy case simply to obtain the benefit of the automatic stay with no reasonable prospect of reorganizing is not an appropriate use of the bankruptcy process. See In re Krebs, 2001 Bankr. LEXIS 552 (E.D. Pa. 2001).

48.    Based on the foregoing, the Bank believes and avers that this case was not

filed in good faith, as there has been no substantial change in the financial or personal

affairs of the Debtors and the Debtors have no reasonable prospect of reorganizing.

WHEREFORE, Northwest Bank respectfully requests this Honorable Court deny

the Debtors' Motion to Impose Automatic Stay.

**KOZLOFF STOUDT**

By: _____

Charles N. Shurr, Jr., Esquire
2640 Westview Drive
Wyomissing, Pennsylvania 19610
610-670-2552
Attorneys for Creditor, Northwest Bank

# EXHIBIT A

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

IN RE:                                    :        **Bankruptcy No. 18-14949**
                                          :
**LARRY L. WISSER and**                    :
**CATHLEEN R. WISSER,**                    :
                          Debtors         :        **Chapter 12**

### ORDER FOR RELIEF FROM STAY

AND NOW, this __20__ day of __December__, 2018, this matter having been brought before the Court upon the Motion of Union Community Bank, successor to Union National Community Bank, for Relief from the Automatic Stay to Exercise its State Court Remedies against the Debtors' Real Estate located at 8281 Holbens Valley Road, New Tripoli, Pennsylvania ("Real Estate") filed by its counsel, Kozloff Stoudt, for good and sufficient cause shown, it is hereby

ORDERED that the automatic stay provided by Section 362(d) of the Bankruptcy Code is vacated as to Union Community Bank with respect to the Real Estate, so that Union Community Bank may exercise its state court remedies with respect to said Real Estate; and it is further

ORDERED that the net proceeds from such actions, either by judicial process or otherwise, may be applied against the indebtedness of the Debtors to the Bank; and it is further

ORDERED that the fourteen (14) day period under Fed. R. Bankr. P. 4001(a)(3) shall not apply.

BY THE COURT:

Richard E. Fehling, J.

Copies To:    See Attached Service List.

**EXHIBIT B**

## UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF PENNSYLVANIA

In re:  Larry L Wisser and      :      Chapter 7
       Cathleen R Wisser,     

          Debtors      : 

     :      Bky. No.  18-14949-ref

     :

### ORDER OF DISMISSAL

AND NOW, to wit, this 25th day of April 2019, it is

1.* [ ] **ORDERED** that since we find that the debtor(s) have failed to pay the prescribed filing fee in full within the requisite time period, this case be and the same hereby is **DISMISSED.**

2.* [X] **ORDERED** that ~~since we find that the debtor(s) have failed to attend the hearing mandated under 11 U.S.C. §341(a) and have failed to attend the hearing to explain their absence at the §341(a) hearing,~~ this case be and the same hereby is **DISMISSED.**

3.* [ ] **ORDERED** that since the debtor(s) have failed to prosecute this case or to file timely their required documents, this case be and the same hereby is **DISMISSED,** and within ten days of the entry of this order, debtor's counsel shall submit a master list of creditors and, as required by Bankruptcy Rule 2016(b), an itemized statement of attorney's fees unless current versions of both these documents are on file with the clerk.

RICHARD E. FEHLING
CHIEF JUDGE, UNITED STATES  BANKRUPTCY COURT

* Each numbered paragraph of this order is operative only if the box next to the number designating that paragraph is checked.

**EXHIBIT C**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

IN RE:                              :        Bankruptcy No. 19-12655
                                    :
LARRY L. WISSER and                 :
CATHLEEN R. WISSER,                 :
                        Debtors     :        Chapter 12

## ORDER

AND NOW, this **23** day of ___**May**___, 2019 upon consideration of the

Objection of Northwest Bank to Debtors' Motion to Impose Automatic Stay, for good and

sufficient cause shown, it is hereby

ORDERED that the Objection is SUSTAINED and the Debtors' Motion to Impose

Automatic Stay is hereby DENIED, and it is further

ORDERED that ~~this bankruptcy case is dismissed and the Debtors are barred from filing~~ *all secured creditors are reminded that the automatic stay is terminated pursuant to section 362(c)(2)* ~~bankruptcy for a period of 180 days from the date of this Order.~~ *solely as to property of the Debtors.*

BY THE COURT:

*May 23, 2019*                      _____
                                   Richard E. Fehling
                                   Chief, United States Bankruptcy Judge

Copies To:     See Attached Service List.

**EXHIBIT D**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| IN RE: Cathleen Wisser aka Cathleen Wisser<br>Larry L. Wisser aka Larry Wisser<br>Debtor(s) | CHAPTER 12 |
| United States of America, Acting through USDA,<br>Farm Service Agency, a successor agency to the<br>Farmers Home Administration, United States<br>Department of Agriculture<br>Movant | NO. 19-12655 MDC |
| vs. | |
| Cathleen Wisser aka Cathleen Wisser<br>Larry L. Wisser aka Larry Wisser<br>Debtor(s) | 11 U.S.C. Section 109; 362; 1208(c) |
| Scott Waterman<br>Trustee | |

## ORDER

AND NOW, this $3/\underline{st}$ day of July, 2019, upon consideration of the Motion of United States of America, Acting through USDA, Farm Service Agency, a successor agency to the Farmers Home Administration, United States Department of Agriculture to Dismiss the Bankruptcy Case of Cathleen Wisser aka Cathleen Wisser and Larry L. Wisser aka Larry Wisser, pursuant to 11 U.S.C. §§ 109 and 1208(c), or in the alternative for relief from the automatic stay pursuant to 11 U.S.C. § 362(d), and any response thereto, it is hereby:

ORDERED AND DECREED that the Motion be, and it is hereby, GRANTED and this case is DISMISSED; and it is hereby

FURTHER ORDERED AND DECREED that the Motion be, and it is hereby, GRANTED and United States of America, Acting through USDA, Farm Service Agency, a successor agency to the Farmers Home Administration, United States Department of Agriculture is hereby granted in rem relief from the automatic stay to proceed with the exercise of all its rights and remedies with respect to the Chattel secured by its loans, as supported by its Proof of Claim in this Bankruptcy; and it is hereby

FURTHER ORDERED AND DECREED that the Debtors are hereby prohibited from filing another bankruptcy case for a period of one year from the date of the entry of this Order; and it is hereby

FURTHER ORDERED AND DECREED that the automatic stay shall not apply to the Chattel for a period of one year from the date of this Order.

United States Bankruptcy Judge.

**EXHIBIT E**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

IN RE:                              :        Bankruptcy No. 19-15280
                                    :
LARRY LEE WISSER and                :
CATHLEEN RACHELL WISSER,            :
                    Debtors         :        Chapter 12

### ORDER CONFIRMING NO STAY IS IN EFFECT

AND NOW, this _11th_ day of _September_, 2019, this matter having been brought

before the Court upon the Motion of Northwest Bank for Order Confirming that the Stay under

11 U.S.C. § 362(a) is not in Effect in this Bankruptcy Case filed by its counsel, Kozloff Stoudt,

for good and sufficient cause shown, it is hereby

ORDERED that the stay under 11 U.S.C. § 362(a) is not in effect in this bankruptcy case.

BY THE COURT:

_Magdeline D. Coleman_

Magdeline D. Coleman
Chief United States Bankruptcy Judge

Copies To:    See Attached Service List.